UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23713-BLOOM/Otazo-Reyes

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Plaintiff,

v.

MITCHELL KENDALL, et al.,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Travelers Casualty and Surety Company of America's Motion for Final Default Judgment, ECF No. [67] ("Motion"). Defendant Robert Vole ("Vole") did not file a Response. The Court has reviewed the Motion, the record in this case, the relevant case law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

On November 11, 2022, Plaintiff initiated this declaratory action against Vole and twelve co-Defendants for the purpose of determining whether Plaintiff has a duty to indemnify Mitchell Kendall, Shayna Sirkin, Susan Shane, Elenore Cora Ross, Jack Loeb, Barney Rosenzweig, Gerald Silver, Mark Sinnreich, Millinda Sinnreich, Ronald Shane, and Nicole Kendall ("Underlying Defendants") in a state court action captioned Robert Vole v. Susan Shane., *et al*., Case No. 2020-003447-CA-01, brought by Vole. *See* ECF No. [1]. The Complaint clarifies that the Underlying Defendants are members of Bayside Village Condominium Association, Inc.  to which Plaintiff issued a a WRAP+ Community Association Management Liability Coverage insurance policy,

Policy No. 049-LB-106729172 ("Policy"). On January 3, 2023, Plaintiff filed an Affidavit of Service indicating that substitute service on Vole was effectuated on December 22, 2022, triggering a January 12, 2023, response deadline. ECF No. [35]. Vole did not answer or otherwise respond to the Complaint. Plaintiff moved for Clerk's Entry of Default as to Vole on January 27, 2023. ECF No. [42]. On January 30, 2023, the Clerk entered a Default as to Vole. ECF No. [43]. Stipulations have been filed by Plaintiff and Defendants Mitchell Kendall, Shayna Sirkin, Susan Shane, Elenore Cora Ross, Jack Loeb, Barney Rosenzweig, Gerald Silver, Mark Sinnreich, Millinda Sinnreich, Ronald Shane, and Nicole Kendall that include an agreement to not contest coverage and a joint stipulation for dismissal. *See* ECF Nos. [13], [18]-[23], [25], [27], [28], [36], [62], and [66]. The remaining Defendant, Susan Silver, was voluntarily dismissed. ECF No. [46].

On May 26, 2023, Plaintiff filed the instant Motion seeking an entry of Final Default Judgment against Vole. ECF No. [67]. Therein, Plaintiff requests that the Court enter a Final Default Judgment against Vole and a declaration of no coverage under the Policy for the claims made by Vole in an underlying lawsuit against the co-Defendants in this case (the "Underlying Defendants"). *Id*. ¶ 12.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis

in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

### III. DISCUSSION

The allegations in Plaintiff's Complaint, which are accepted as true as to Vole due to the default, establish that Vole filed an underlying lawsuit against the Underlying Defendants, who were members or former members of the Bayside Village Condominium Association. ECF No. [1] ¶¶ 22, 24. Plaintiff issued the Policy to Bayside Village Condominium Association, Inc. for the Policy Period of May 1, 2019, to May 31, 2020. *Id.* ¶ 31. The Complaint further alleges that in the underlying state court litigation, Vole does not allege that any of the Underlying Defendants were operating within their capacities as current or former Board members when the alleged conduct occurred. *Id.* ¶ VI. As such, Plaintiff explains that because the Policy does not apply to the claims asserted by Vole in the Underlying Lawsuit, the Court should find that Plaintiff has no duty to indemnify the Underlying Defendants. *Id.* ¶ VIII. The Complaint, however, is totally devoid of any allegations against Vole. *See generally id.*

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see*

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

Because there are no allegations against Vole in Plaintiff's Complaint, there is no case or controversy between the remaining parties for the Court to adjudicate. *See Bowen v. First Family Fin. Services, Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) ("Under Article III of the United States Constitution, the subject matter jurisdiction of federal courts extends only to 'cases or controversies.'") As such, the Court lacks subject matter jurisdiction and is powerless to grant the requested relief.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Final Default Judgment, **ECF No. [67]**, is **DENIED**. All other Defendants having been previously dismissed, the Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record